STEBBINS v. HUDSON VALLEY RY. CO.   (No. 308/141.)

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

STREET RAILROADS ☞117—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

Railroad Law (Consol. Laws, c. 49) § 192, provides that no street surface railroad corporation shall lay in, the streets of a city or village what are known as "center bearing" rails, but shall lay grooved or some other kind of rail not center bearing, and that such grooved or other rail shall be of such shape and so laid as to permit the paving stones to come in close contact with the projection which serves to guide the flange to the car wheel. A street railway used the ordinary T-rails in common use by steam railroads, and at street crossings placed inside its main rail another T-rail to serve as a guard rail. To reduce the space between them a portion of the base of one of the rails was chiseled off, and they were then bolted together, but a space 1½ inches wide and about 4 inches deep was left between the heads of the rails, through which the flange of the car wheels ran. Between the guard rails and outside the main rail, the crossing was paved with brick fitted tightly against the rails. The calk of the shoe of plaintiff's horse became wedged in the space between the main and guard rails, injuring the horse. There was conflicting testimony by experts as to whether a T-rail was known to engineers as a center bearing rail, and a T-rail, as well as a grooved rail, were exhibited to the jury. *Held*, that whether a T-rail was ordinarily known as a center bearing rail, and whether defendant was negligent in maintaining such a construction, were questions for the jury, and the court erred in granting a nonsuit.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239 - 257; Dec. Dig. ☞117.]

Smith, P. J., dissenting in part.

Appeal from Saratoga County Court.

Action by Albert E. Stebbins against the Hudson Valley Railway Company. From a judgment upon a nonsuit, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

F. Andrew Hall, of Saratoga Springs, for appellant.
James McPhillips, of Glens Falls, for respondent.

LYON, J.   The defendant owned and operated an electric street railway in the city of Saratoga. The rails used by it were the ordinary 80-pound T-rails in common use by steam railroads. At street crossings there was placed inside its main rail another T-rail to serve the purpose of a guard rail. In order to reduce the open space between the heads of the main and guard rails, a portion of the base of one of the rails was chiseled off. The rails were then bolted together in order to make a rigid construction, and were spiked to the ties. There was thus left between the heads of the rails a space of 1½ inches wide and about 4 inches deep. Through this space, which had been filled with gravel to within 1½ or 2 inches, or thereabouts, of the surface of the rails, the flange of the car wheel ran. The street crossing between the guard rails and for a space of 2 feet outside the main rail was paved with brick, which were fitted tightly against the rails. While

the plaintiff was driving across the defendant's tracks at a street crossing, one of the calks of the horse's shoe became wedged in the space between the main rail and the guard rail, and the foot was so badly injured as to render the horse practically valueless. The complaint charged negligence upon the part of the defendant in maintaining T-rails at street crossings in violation of the statute forbidding the use of center bearing rails, in failing to suitably cover or guard the opening between the main and guard rails, and in failing to use grooved rails.

Section 192 of the Railroad Law (Consol. Laws, c. 49; Laws 1910, c. 481), formerly section 109, Laws 1892, c. 676, provided as follows:

"No street surface railroad corporation shall hereafter lay down in the streets of any incorporated city or village of this state what are known as 'center bearing' rails, but in all cases, whether in laying new track or in replacing old rails, shall lay down 'grooved' or some other kind of rail not 'center, bearing,' approved by the local authorities. Such groved or other rail shall be of such shape and so laid as to permit the paving stones to come in close contact with the projection which serves to guide the flange to the car wheel."

The question as to whether T-rails are "what are known as 'center bearing' rails" was sharply contested upon the trial. The civil engineer called by the plaintiff testified that a T-rail was a "center bearing" rail, and not a groove or girder rail. The expert witness called by the defendant testified that neither the T-rail nor the girder rail is known to engineers as a "center bearing" rail, but that a rail for a two-flange wheel is the rail known as a "center bearing" rail. It appeared that two accidents of a similar nature had occurred at this crossing within the preceding three or four months. The T-rail, as well as the groove rail, were exhibited to the jury, and the situation at the crossing fully described.

At the close of the evidence the defendant moved for a nonsuit upon the grounds, among others, that there was no evidence to justify a jury in finding that the accident was caused through the negligence of the defendant, and that it affirmatively appeared that the type of rail used by the defendant was not an improper construction. The court granted the nonsuit, remarking:

"I think that is so. That is the question that is in my mind. The question is whether that is a center bearing rail. I am satisfied in my mind as to what I should do; that this is not a center bearing rail. If it was a center bearing rail, it would alter the proposition. I see no negligence in this case, and there is no question for the jury, and the motion is granted."

To this ruling the plaintiff excepted. We think that under the evidence it was a question of fact for the jury whether a T-rail was ordinarily known as a center bearing rail; also as to whether the defendant was negligent in maintaining such a construction at this crossing.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

KELLOGG, HOWARD, and WOODWARD, JJ., concur.

SMITH, P. J. (concurring in result). The experts have differed as to what, technically speaking, is a center bearing rail. From a read-

ing of the entire statute, however, it is apparent that the rail prescribed is a rail to which the pavement cannot be laid up plumb upon both sides. As this combination of rails permits of the construction which seems to be contemplated by statute as the proper construction, in my judgment the jury should not be allowed to say whether or not this is technically a center bearing rail; but the court should hold as matter of law that the requirement of the statute in that respect had been observed.

These rails were so shaped and placed together at such distance as to permit the calk of the horse's shoe to become wedged in and cause this injury. Whether this constituted negligent construction would, in my judgment, be a question for the jury, and the only question which should be submitted to the jury in determining the defendant's liability.